ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| LUNA RESIDENCIAL II LLC<br><br>Apelante<br><br>v.<br><br>SUCESSIÓN DE MANUEL GARCÍA, *ET AL*<br><br>Apelada | **KLAN202301051** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Humacao<br><br>Civil Núm. HU2019CV01988<br><br>Sobre: EJECUCIÓN DE HIPOTECA EN COBRO DE SENTENCIA |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de enero de 2024.

Comparece Luna Residential II, LLC (en adelante, LUNA o la apelante) mediante recurso de Apelación presentado el 22 de noviembre de 2023. Solicitó la revisión de una *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 11 de agosto de 2023 y notificación enmendada el 28 de septiembre de 2023. Mediante el referido dictamen, el foro primario desestimó la Demanda sin perjuicio contra los codemandados Angelica García Cruz, Manuel Alejandro García Cruz, Carlos Manuel García Cruz, Maribella García Cruz, Juan Ignacio García Cruz, Peter Alexis García Cruz, Abimelec García Cruz y Jacobi García Soler, por haber expirado el término improrrogable de 120 días para diligenciar sus respectivos emplazamientos.

Por los fundamentos que se exponen a continuación, **REVOCAMOS** la *Sentencia* apelada.

**-I-**

El caso de epígrafe inició, el 23 de diciembre de 2019, con una *Demanda* instada por el Banco Santander Puerto Rico (en adelante, Banco Santander) en una acción de ejecución de hipoteca en cobro de sentencia, obtenida en el caso HSCI201500748, contra los siguientes demandados: (1) Manuel García Carrillo; (2) Gladys Martínez Rivera; y (3) la Sociedad Legal de Bienes Gananciales compuesta por ambos.[1]

Tras varios tramites procesales y a solicitud de parte, el foro primario notificó dos *Ordenes* autorizando la sustitución de la parte demandante: (A) el 27 de febrero de 2020, se sustituyó al Banco Santander por Santander Financial Services Inc.;[2] y, (B) el 28 de julio de 2021, se sustituyó a Santander Financial Services Inc. por Luna Residential II, LLC.[3]

Así las cosas, el 30 de agosto de 2021, Luna Residential II, LLC (en adelante, LUNA o el apelante) presentó una *Moción Informativa sobre Emplazamiento y Otros Asuntos* en la cual informó sobre la condición de Alzheimer de Manuel García Carrillo.[4] Ante ello, 15 de septiembre de 2021, el Tribunal de Primera Instancia notificó la designación del Licenciado Héctor L. Claudio Rosario como defensor judicial de Manuel García Carrasquillo al amparo de la Regla 15.2 de Procedimiento Civil, 32 LPRA Ap. V, R.15.2.

---

[1] *Demanda*, Anejo I, págs. 1-66 del Apéndice del Alegato del Apelante.
[2] *Moción sobre Sustitución de Parte del 25 de febrero de 2020*, Anejo VII, págs. 88-106 del Apéndice del Alegato del Apelante. Además, véase: Notificación de Orden, Anejo VIII, págs. 107 del Apéndice del Alegato del Apelante.
[3] *Solicitud Conjunta de Sustitución de Parte Demandante del 23 de julio de 2021*, Anejo IX, págs. 108-123 del Apéndice del Alegato del Apelante. Además, véase: Notificación de Orden, Anejo X, págs. 124 del Apéndice del Alegato del Apelante.
[4] *Moción Informativa sobre Emplazamiento y Otros Asuntos*, Anejo XI, págs. 125-152 del Apéndice del Alegato del Apelante.

No obstante, el 2 diciembre de 2021, Licenciado Héctor L. Claudio Rosario presentó una *Moción de Desestimación* en la que informó sobre el fallecimiento de Manuel García Carrillo el 30 de abril de 2021 y solicitó que la *Demanda* fuera desestimada.[5]

En contraposición, el 22 de diciembre de 2021, LUNA presentó *Moción en Cumplimiento de Orden* en la cual alegó que ante el fallecimiento de Manuel García Carrillo no procedía la desestimación de la *Demanda*, sino una enmienda a la *Demanda*.[6] A esos efectos, el 22 de febrero de 2022, LUNA presentó una *Solicitud de Autorización para Enmendar Demanda y Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto* a la Sucesión de Manuel García Carrillo (en adelante, Sucesión García Carrillo) cuyos miembros fueron identificados como: (1) Ana Ruth García Maldonado (en adelante, Ana García); y los siguientes como posibles herederos desconocidos: (2) Fulano(a) de Tal; (3) Sutano(a) de Tal; (4) Juan(a) del Pueblo; (5) John Doe y (6) Richard Doe.[7] En igual fecha, LUNA presentó *Demanda Enmendada*.[8]

Dado lo anterior, el 24 de febrero de 2022, el Tribunal de Primera Instancia notificó mediante *Orden* la autorización de Demanda Enmendada, solicitud de emplazamiento e interpelación judicial por edicto para los miembros de la Sucesión García Carillo.[9] En ese

---

[5] *Moción de Desestimación*, Anejo XIII, págs. 153 del Apéndice del Alegato del Apelante
[6] *Moción en Cumplimiento de Orden*, Anejo XIV, págs. 154 del Apéndice del Alegato del Apelante
[7] *Solicitud de Autorización para Enmendar Demanda y Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto*, Anejo XV, págs. 155-176 del Apéndice del Alegato del Apelante
[8] *Demanda Enmendada*, Anejo XVI, págs. 177-245 del Apéndice del Alegato del Apelante
[9] *Notificación de Orden*, Anejo XVII, págs. 246-249 del Apéndice del Alegato del Apelante

mismo día, 24 de febrero de 2022, la Secretaria expidió *Emplazamiento y Mandamiento de Interpelación Judicial* a favor de los mencionados 6 miembros de la Sucesión García Carillo.[10]

Posteriormente, el 22 de agosto de 2022, LUNA presentó *Solicitud de Sustitución de Parte, de Autorización para Enmendar por Segunda Vez la Demanda y Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto.*[11] Mediante la cual LUNA informó que, el 31 de marzo de 2022, Ana García fue debidamente emplazada mediante diligenciamiento personal y, el 10 de junio de 2022, se emplazó debidamente por la publicación de Edicto en el periódico El Nuevo Dia a los posibles herederos desconocidos: Fulano(a) de Tal; Sutano(a) de Tal; Juan(a) del Pueblo; John Doe y Richard Doe.[12] Además, LUNA hizo constar que Ana García le informó al emplazador, Juan Esteban Martínez Vargas, que la Sucesión García Carillo estaba compuesta por: (A) Ana García; y (B) la Sucesión de Carlos Manuel García Maldonado compuesta, a su vez, por: (1) Angelica García Cruz; (2) Manuel Alejandro García Cruz; (3) Carlos Manuel García Cruz; (4) Maribella García Cruz; (5) Juan Ignacio García Cruz; (6) Peter Alexis García Cruz; (7) Abimelec García Cruz y (8) Jacobi García Soler (en conjunto, Sucesión García Maldonado).[13] Por tal razón, LUNA solicitó al foro primario que expidiera los Emplazamientos y Mandamientos de

---

[10] *Emplazamiento y Mandamiento de Interpelación Judicial*, Anejo XVIII, págs. 250-262 del Apéndice del Alegato del Apelante.
[11] *Solicitud de Sustitución de Parte, de Autorización para Enmendar por Segunda Vez la Demanda y Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto*, Anejo XIX, págs. 263-314 del Apéndice del Alegato del Apelante.
[12] *Íd.*
[13] *Íd.*

Interpelación Judicial para ser diligenciado en la Sucesión García Maldonado y, a su vez, solicitó Emplazamientos y Mandamientos de interpelación Judicial por Edicto para los posibles herederos desconocidos de la Sucesión García Maldonado: Fulanito(a) de Tal, Sutanito(a) de Tal, John Doe y Richard Doe.[14]  A tales efectos, el 22 de agosto de 2022, LUNA presentó *Segunda Demanda Enmendada*.[15]

El 24 de agosto de 2022, el Tribunal de Primera Instancia notificó su *Orden* autorizando la *Segunda Demanda Enmendada* y expidiendo el Emplazamiento y Mandamientos de Interpelación Judicial por Edicto.[16]  Por ello, ese mismo día, la Secretaria expidió el Emplazamiento y Mandamientos de Interpelación Judicial por Edicto para los posibles herederos desconocidos de la Sucesión García Maldonado: Fulanito(a) de Tal, Sutanito(a) de Tal, John Doe y Richard Doe.[17]

El 8 de septiembre de 2022, LUNA presentó *Solicitud de Orden para que Secretaria Expida Emplazamientos y Mandamientos de Interpelación Judicial* para diligenciar personalmente a la Sucesión García Maldonado.[18]

El 6 de diciembre de 2022, casi tres meses después, el foro primario notificó la *Orden* autorizando la expedición de los Emplazamientos y Mandamientos de Interpelación Judicial por Edicto.[19]  Sin embargo, durante esa misma fecha, la Secretaria expidió

---

[14] *Íd.*

[15] *Segunda Demanda Enmendada*, Anejo XX, págs. 315-383 del Apéndice del Alegato del Apelante.

[16] *Notificación de Orden*, Anejo XXI, págs. 384-385 del Apéndice del Alegato del Apelante.

[17] *Emplazamiento y Mandamientos de Interpelación Judicial por Edicto*, Anejo XXII, págs. 386 del Apéndice del Alegato del Apelante.

[18] *Solicitud de Orden para que Secretaria Expida Emplazamientos y Mandamientos de Interpelación Judicial*, Anejo XXIII, págs. 387-408 del Apéndice del Alegato del Apelante.

[19] *Notificación de Orden*, Anejo XXIV, págs. 409-412 del Apéndice del Alegato del Apelante.

Emplazamientos y Mandamientos de Interpelación Judicial para diligenciar personalmente a la Sucesión García Maldonado.[20]

Así las cosas, el 4 de abril de 2023, LUNA presentó *Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto*.[21] Mediante la cual LUNA informó que, el 7 de septiembre de 2022, los posibles herederos desconocidos -Fulanito(a) de Tal; Sutanito(a) de Tal; John Doe y Richard Doe- fueron debidamente emplazados por la publicación de un Edicto en el periódico El Nuevo Dia.[22] Además, con el propósito de hacer constar las diligencias realizadas sin éxito para emplazar a la Sucesión García Maldonado, LUNA adjuntó una declaración jurada del emplazador, Juan Esteban Martínez, en la cual se consignó lo siguiente:

1. Que el 15/12/2022 me encontraba en la propiedad motivo de controversia la cual continua (sic) deshabilitada, solo que esta vez me encontre (sic) con un perro en la marquesina(anejo) y es de la vecina, quien me dejo saber que lo pone ahí para que este en la sombra. CONFIRMA que nadie viene a la propiedad que NO conoce a NINGUNO de los miembros de ambas Sucesiones de epigrafe (sic), que ella pensaba que la casa de Banco ya la tenia en la lista de reposeidas (sic).

2. Que me comunique via (sic) telefónica (sic) con Ana (939-529-5010) hija del causante (Manuel Garcia (sic) Carrillo) a quien habia (sic) emplazado, a preguntas mías me indica lo mismo que la vez anterior, que NO tiene comunicacion (sic) con ninguno de los hijos de su hermano (sus sobrinos) el tambien (sic) causante Manuel Garcia (sic) Maldonado que le dejaron de hablar hace años. Ana me dejo saber que el proceso de la ejecucion (sic) se a tardado demasiado que penso (sic) que ya la casa la habían puesto en subasta o que la había reposeido (sic). Confirma que NO va a la propiedad a nada.

3. Que según el expediente surge informacion (sic) para la Sra. Gladys (787-5549272) ex esposa del causante Manuel Garcia (sic) Carrillo a quien llame para ver si de casualidad tenia (sic) algun (sic) detalle nuevo[,] pero al conversar me dejo saber que tampoco tiene informacion

---

[20] *Emplazamientos y Mandamientos de Interpelación Judicial*, Anejo XXV, págs. 413-432 del Apéndice del Alegato del Apelante.
[21] *Solicitud de Emplazamientos y Mandamientos de Interpelación Judicial por Edicto*, Anejo XXVI, págs. 433-471 del Apéndice del Alegato del Apelante.
[22] *Íd.*

(sic) de los posibles miembros del causante Manuel García Maldonado que su ex (Manuel) ni los conocia (sic). Gladys me deja saber que NO puede hacer nada mas (sic) que ella queria (sic) la casa[,] pero no va ser posible por mucha documentacion (sic) que el Banco se quede con la propiedad.

4. Que en las paginas ciberneticas (sic) de Google, Facebook Messenger & Truepeople realice una busqueda (sic) con los nombres de Angelica Garcia (sic) Cruz, Manuel Alejandro Garcia (sic) Cruz, Carlos Manuel Garcia (sic) Cruz, Maribella Garcia (sic) Cruz, Juan Ignacio Garcia (sic) Cruz, Peter Alexis Garcia (sic) Cruz, Abimelec Garcia (sic) Cruz, Jacobi Garcia (sic) Soler y el momento NO encontre (sic) mucha informacion (sic) exacta ni precisa. Que son nombre muy comunes[,] pero a pesar de eso utilice algunos[,] pero NO tenia (sic) el segundo apellido y no tuve comunicacion (sic) que me pudiera ayudar para confirmar o descartar si era los que buscaba.

5. Que una de las persona con el nombre completo de Maribella(anejo) con dirección (sic) en 61, calle A #4, Fajardo PR, la intente (29/12/2022) a [pesar que NO tiene en la parte de los (possibles relatives) nombres similares de los otros miembros. Que el gps me envio (sic) a una dirección (sic) que era en la comunidad de Baralt según persona en la zona, donde me encontre (sic) ninguna casa con 61, calle A #4. En el cuartel de Policía me informan que hay muchas comunidades en Fajardo que utilizan la calle A, que necesito mas informacion (sic) que la que tengo no concuerda, tampoco conocen a los demandados de epigrafe (sic). En la recespcion (sic) de la Alcaldia (sic) de Fajardo NO los conocen a los demandados de epígrafe. En la recespcion (sic) de la Alcadia de Fajardo NO los conocen tampoco. En el Municipio de Humacao Policia (sic) y **Alcaldia** (sic) NO conocen a ninguno de los miembros de ambas sucesiones.

6. Que las direcciones que encontré para con el nombre de Jacobi y Abimelec(anejo) no puedo corroborrar (sic) por que son fuera de PR. El numero 203-367-2691 desconectado.

7. Que al no tener informacion por parte de la parte demandante y familiares de ambos causantes de direcciones, posibles lugares de empleo, # telefónicos para: Angelica Garcia (sic) Cruz, Manuel Alejandro Garcia (sic) Cruz, Carlos Manuel Garcia (sic) Cruz, Maribella Garcia (sic) Cruz, Juan Ignacio Garcia (sic) Cruz, Peter Alexis Garcia (sic) Cruz, Abimelec Garcia (sic) Cruz, Jacobi Garcia (sic) Soler, Fulano, Sutano, dada las circunstancias anteriormente expresadas suscribo la presente declaración jurada.[23]

En consecuencia, el 10 de abril de 2023, el foro primario notificó *Orden* para que LUNA mostrara causa dentro del término de 10 días por la cual no debía

---

[23] *Íd.*

desestimarse la Demanda por no haber diligenciado los emplazamientos.[24]

Ante ello, el 19 de abril de 2023, LUNA presentó *Moción en Cumplimiento de Orden* mediante la cual explicó las gestiones realizadas para emplazar a la Sucesión García Maldonado y, a pesar de ello, no fue posible.[25] Por tal motivo, LUNA reiteró su solicitud de emplazamiento y mandamiento de interpelación judicial por edicto para ser diligenciado en la Sucesión García Maldonado.[26]

Nuevamente, el 4 de agosto de 2023, LUNA presentó *Moción Reiterando Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto* y señaló que el foro primario no se había expresado en cuanto a la Moción del 19 de abril de 2023.[27] Además, a la referida moción de reiteración, LUNA adjuntó un proyecto de: la Orden y el Emplazamiento y Mandamiento de Interpelación Judicial por Edicto.[28]

Siendo así, el 11 de agosto de 2023, el Tribunal de Primera Instancia emitió *Sentencia Parcial* mediante la cual desestimó la Demanda contra la Sucesión García Maldonado por razón de que el término improrrogable de 120 días había expirado sin que se hubiera diligenciado el emplazamiento.[29] No obstante, tras una notificación defectuosa de la referida Sentencia, el foro primario

---

[24] *Notificación de Orden*, Anejo XXVII, pág. 472 del Apéndice del Alegato del Apelante.
[25] *Moción en Cumplimiento de Orden*, Anejo XXVIII, págs. 473-474 del Apéndice del Alegato del Apelante.
[26] *Íd.*
[27] *Moción Reiterando Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto*, Anejo XXIX, págs. 475-480 del Apéndice del Alegato del Apelante.
[28] *Íd.*
[29] *Sentencia Parcial*, Anejo XXX, págs. 481-482 del Apéndice del Alegato del Apelante.

notificó conforme a derecho el 28 de septiembre de 2023.[30]

En desacuerdo, el 12 de octubre de 2023, LUNA presentó *Solicitud de Reconsideración de Sentencia Parcial*.[31]

Finalmente, el Tribunal de Primera Instancia notificó el 24 de octubre de 2023 la *Orden* denegando la referida reconsideración sin entrar en los méritos.[32]

Aun inconformes, el 22 de noviembre de 2023, la apelante sometió el recurso de *Apelación* que nos ocupa y señaló la comisión de los siguientes errores:

> Primer Señalamiento de Error: Erró el Honorable Tribunal de Primera Instancia al desestimar la Demanda sin perjuicio contra los codemandados alegando que el término de 120 días provisto en la Regla 4.3(c) de Procedimiento Civil había transcurrido.

> Segundo Señalamiento de Error: Erró el Honorable Tribunal de Primera Instancia al no adjudicar la solicitud de emplazamiento por edicto que fuera presentada dentro del término de 120 días dispuesto en la Regla 4.3(c) de Procedimiento Civil, y en su lugar desestimar la Demanda sin perjuicio contra los codemandados alegando que el término de 120 días para emplazar había transcurrido.

El 1 de diciembre de 2023, emitimos una *Resolución*, que fue notificada el 4 de diciembre de 2023. Mediante esta, le concedimos a los apelados el término dispuesto en el Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, para presentar su alegato. Transcurrido el referido término, los apelados no comparecieron. Así, declaramos perfeccionado el recurso de epígrafe y procedemos a disponer de la cuestión planteada, sin necesidad de trámites ulteriores.

---

[30] *Sentencia Parcial con Notificación Enmendada*, Anejo XXXI, págs. 483-484 del Apéndice del Alegato del Apelante.
[31] *Solicitud de Reconsideración de Sentencia Parcial*, Anejo XXXII, págs. 485-529 del Apéndice del Alegato del Apelante.
[32] *Notificación de Orden*, Anejo XXXIII, pág. 530 del Apéndice del Alegato del Apelante.

## -II-

### -A-

El emplazamiento es el vehículo procesal que se reconoce en nuestro ordenamiento jurídico para notificar a un demandado que existe una reclamación judicial en su contra. *Rivera Torres v. Díaz López*, 207 DPR 636 (2021); *Quiñones Román v. Compañía ABC*, 152 DPR 367 (2000). Es decir, se trata del mecanismo que disponen las Reglas de Procedimiento Civil, 32 LPRA Ap. V, para que el tribunal adquiera jurisdicción sobre la persona de la parte demandada. *Banco Popular v. SLG Negrón*, 164 DPR 855 (2005). Por tanto, no es hasta que la persona es debidamente emplazada –personalmente o por edicto– que esta puede ser considerada parte del pleito. *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997).

Las Reglas 4.3 y Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 y 4.4, establecen los requisitos que la parte demandante debe satisfacer para diligenciar el emplazamiento personalmente, mientras que la Regla 4.6, 32 LPRA Ap. V, R. 4.6, dispone lo referente al emplazamiento por edicto.

En relación con la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, esta dispone que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.

En lo pertinente, la Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a), provee para que el

tribunal autorice el emplazamiento por edicto en las siguientes circunstancias:

> **Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes**, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, **el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto.** No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

> La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, **al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.** (Negrillas suplidas).

Así, conforme a la regla antes expuesta, nuestro Tribunal Supremo ha expresado que, para que proceda el emplazamiento por edicto, se requiere que el demandante acredite, mediante una declaración jurada, las diligencias realizadas para localizar y emplazar al demandado. Así, la moción presentada debe contener hechos específicos y detallados, demostrativos de la diligencia, mas no meras generalidades. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982 (2020); *Banco Popular v. SLG Negrón*, *supra*. Sin la presentación de la declaración jurada o certificación suficiente no puede darse la

comprobación judicial requerida por la Regla 4.6 de Procedimiento Civil, *supra*. Véase, *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 25 (1993); *Pagán v. Rivera Burgos*, 113 DPR 750, 755 (1983).

Es requisito esencial para la autorización del emplazamiento por edicto que el tribunal acredite, a su entera satisfacción, las diligencias efectuadas por el demandante para lograr el emplazamiento personal del demandado. Sin embargo, es el Tribunal de Primera Instancia quien debe evaluar si, en determinado caso, se han hecho las diligencias razonables necesarias para obtener el paradero del demandado, antes de autorizar el emplazamiento alterno a la entrega personal. *Mundo v. Fuster*, 87 DPR 363, 372 (1963). Sobre el particular, nuestro Tribunal Supremo considera lo siguiente:

> **[L]o fundamental para que se autorice el emplazamiento por edictos es que en la declaración jurada que acompañe la solicitud correspondiente se aduzcan hechos específicos que demuestren, *en las circunstancias particulares del caso en que surja la cuestión*, que el demandante ha realizado gestiones potencialmente efectivas para tratar de localizar al demandado y emplazarlo personalmente, y que a pesar de ello ha sido imposible encontrarlo.** *Lanzó Llanos v. Banco de la Vivienda*, *supra*, págs. 513-514. Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado, y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo. *Íd.*, pág. 515. *Global v. Salaam,* 164 DPR 474, 483 (2005). (Énfasis en el original) (Negrillas suplidas.)

Por otro lado, la Regla 4.3(c) establece, en cuanto al término para diligenciar el emplazamiento, lo siguiente:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda.** Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el

mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio.** Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Negrillas suplidas).

En fin, que al interpretar el texto claro de la Regla 4.3(c) de Procedimiento Civil, *supra*, es forzoso concluir que el término de 120 días con que cuenta la parte demandante para diligenciar los emplazamientos no admite prórrogas, salvo únicamente en aquellos casos en que la Secretaría no expida los emplazamientos el mismo día que se presenta la demanda. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021). En esos casos, la prórroga se limitaría a la cantidad de días de que conste la dilación de Secretaría de forma automática sin necesidad de hacer tal solicitud mediante moción. Según, nuestro Alto Foro esto se debe a lo siguiente:

> Establecer que en aquellos casos en que la Secretaría del foro de instancia no haya expedido los emplazamientos al momento de la presentación de la demanda, el demandante deberá, para poder preservar para sí íntegramente los 120 días que le concede la Regla, haber cumplido con presentar una moción solicitando que se expidan los emplazamientos, no solamente no se ajusta a la manera en que hemos interpretado ese texto, sino que tiene un alto riesgo de provocar una situación injusta y que choca con la intención del estatuto.
>
> .   .   .   .   .   .   .   .   .
>
> Esto, **no solo inundaría nuestras secretarías** de mociones solicitando que se expidan los emplazamientos con cada causa de acción que se presente, **sino que constituye un gasto y esfuerzo adicional innecesario** pues, como ya implicamos, **tal moción solo se justifica en el escenario de una tardanza irrazonable en la expedición de los emplazamientos.** *Íd*, págs. 388-390. (Negrillas suplicas).

Sobre este particular, el Tribunal Supremo considera que "[l]a prórroga para emplazar sólo se concede en caso de tardanza en la expedición del emplazamiento; de lo contrario, estamos ante un término

improrrogable". *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015), nota al calce núm. 11, citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., San Juan, Ed. Lexisnexis, 2010, sec. 2007, pág. 230.

De modo similar, el Alto Foro reiteró recientemente este principio, cuando expresó que el referido término es "improrrogable y, consecuentemente, si en 120 días el demandante no ha podido diligenciar el emplazamiento **automáticamente se desestimará su causa de acción**". *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018). (Negrillas suplidas).

Así también, en virtud de otra opinión reciente, el Tribunal Supremo se expresó en cuanto al supuesto en que una parte demandante solicita diligenciar emplazamientos personales y luego, en algún momento *dentro* del término improrrogable de ciento veinte (120) días, solicita emplazar por edicto. Sobre ese particular, el Alto Foro resolvió que, "en esa circunstancia, el término improrrogable de ciento veinte días para emplazar **comienza a trascurrir cuando se autoriza y se expide el emplazamiento por edicto**". *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 984 (2020). (Negrillas suplidas).

-III-

Debemos determinar si en el presente caso se solicitó en tiempo la expedición de emplazamientos por edicto, y de estar en tiempo, si procedía dicha autorización. Determinamos que erró el foro primario al no permitir esta autorización de emplazar por edicto. Veamos.

Conforme se desprende de la relación de hechos, este caso inició con la presentación de la *Demanda* el 23

de diciembre de 2019 contra (1) Gladys Martínez Rivera, (2) Manuel García Carrillo, y (3) la Sociedad Legal de Gananciales compuesta por ambos. No obstante, el foro primario autorizó varias sustituciones de la parte demandante hasta llegar finalmente con la apelante, el 28 de julio de 2021.

Tras la muerte de Manuel García Carrillo y varios trámites procesales, el 22 de agosto de 2022, LUNA solicitó al foro primario que expidiera los emplazamientos para ser diligenciado personalmente sobre: (A) Ana García y (B) la Sucesión García Maldonado compuesta por 8 miembros. Además, LUNA solicitó que se expidiera emplazamiento por edicto para 3 posibles herederos desconocidos de la Sucesión García Maldonado.

A esos efectos, el 24 de agosto de 2022, el Tribunal de Primera Instancia autorizó la expedición del emplazamiento por edicto y, sin embargo, nada dijo sobre el emplazamiento solicitado para ser diligenciado personalmente.

Así las cosas, el 8 de septiembre de 2023, LUNA reiteró su solicitud para expedir el emplazamiento personal a ser diligenciado en Ana García y la Sucesión García Maldonado. No obstante, no fue hasta el 6 de diciembre de 2022 que el foro primario autorizó los mismos. Adviértase que, en esa ocasión, el Tribunal de Primera Instancia lo que autorizó mediante Orden fue la expedición de emplazamiento por edicto en lugar del emplazamiento personal solicitado. A pesar de ello, ese mismo día 6 de diciembre de 2022, la Secretaria expidió correctamente los 8 emplazamientos personales para los miembros de la Sucesión García Maldonado.

Posteriormente, el 4 de abril de 2023, LUNA presentó una solicitud para emplazar por edicto a la Sucesión García Maldonado y acreditó mediante declaración jurada las gestiones realizadas por el emplazador, Juan Esteban Martínez, para diligenciar el emplazamiento personal. Sin embargo, el 10 de abril de 2023, el foro primario le indicó a LUNA que mostrara causa por la cual no debía de desestimarse la Demanda por no haber diligenciado los emplazamientos dentro del término, y así mismo lo hizo LUNA el 19 de abril de 2023.

Trascurrido casi 4 meses, el 4 de agosto de 2023, LUNA reiteró su solicitud de emplazamiento por edicto a favor de la Sucesión García Maldonado debido a que el foro primario aún no se había expresado al respecto. Entonces, el 11 de agosto de 2023, el Tribunal de Primera Instancia desestimó la Demanda mediante Sentencia Parcial bajo el fundamento de no haber diligenciado el emplazamiento dentro del término provisto por la Regla 4.3(c) de Procedimiento Civil, *supra*.

Este trasfondo procesal del caso refleja que las partes y el tribunal de primera instancia no fueron diligentes en el trámite de la forma de diligenciar los emplazamientos. Por ello, debemos revisar los términos y gestiones realizadas para emplazar a ciertas partes y lo que las reglas requieren en estos casos.

Procede determinar si se justificaba la desestimación sin perjuicio de la *Demanda* contra los miembros de la Sucesión García Maldonado bajo el fundamento de que expiró el término de 120 días sin diligenciar el emplazamiento personal conforme a la Regla 4.3(c) de Procedimiento Civil, *supra,* y si se cumplió con el requisito de solicitar el emplazamiento

de edicto dentro del término 120 días dispuesto en la Regla 4.3(c) de Procedimiento Civil, *supra*. Veamos.

Conforme a las Reglas de Procedimiento Civil y según el expediente de autos, LUNA tenía 120 días desde el 7 de diciembre de 2022 hasta el 5 de abril de 2023 para efectuar el diligenciamiento del emplazamiento personal o, en su defecto, solicitar al tribunal la expedición de emplazamiento por edicto. Surge del expediente que al día 119, el 4 de abril de 2023, LUNA presentó en el Tribunal de Primera Instancia una solicitud de emplazamiento por edicto a favor de los 8 miembros de la Sucesión García Maldonado. Ante ello, es forzoso concluir que la referida solicitud de emplazamiento por edicto fue presentada dentro del término improrrogable de 120 días que provee la Regla 4.3(c) de Procedimiento Civil, *supra.*

Determinada que la solicitud de emplazamiento por edicto fue realizada en tiempo, procede determinar si se justificaba dicha solicitud. Del expediente de este caso surge que LUNA acreditó mediante declaración jurada las gestiones efectuadas para diligenciar el emplazamiento personal de los 8 miembros de la Sucesión García Maldonado. En la referida declaración jurada consta que el emplazador realizó lo siguiente: (1) visitó el inmueble objeto de litigio y este estaba deshabitado; (2) habló con la vecina del referido inmueble quien le indicó que, por la condición de deshabitado, lo utilizada para resguardar a su perro; (3) habló con la hija del causante, Ana García, la cual expresó que no visitaba el inmueble y que no tenía comunicación con ninguno de sus sobrinos (los 8 miembros de la Sucesión García Maldonado); (4) habló con la

codueña del referido inmueble, Gladys Martínez Rivera, quien el indicó que no conocía a los 8 miembros de la Sucesión; García Maldonado; (5) Visitó el cuartel de la policía y la recepción de la Alcaldía localizados en Fajardo, pero le indicaron que no conocen a los 8 miembros de la Sucesión García Maldonado; y (6) Buscó por páginas cibernéticas -como *Google, Facebook, Messenger y Truepeople*- los 8 nombres de los miembros de la Sucesión García Maldonado, pero no obtuvo información adicional que resultara beneficiosa.

Tras el análisis del trámite procesal de autos es indiscutible que LUNA actuó con diligencia al tratar de tramitar los emplazamientos dentro del término de 120 días dispuesto en la Regla 4.3(c) de Procedimiento Civil, *supra*. Puesto que acreditó bajo juramento que, a pesar de haber realizado varias gestiones potencialmente efectivas para emplazar personalmente a los 8 miembros de la Sucesión García Maldonado dentro del término prescrito, esto no fue posible.

Teniendo lo anterior ante sí, el foro primario debió autorizar la expedición del emplazamiento por edicto. En consonancia con la reiterada política judicial de que los casos se ventilen en sus méritos, resulta forzoso concluir que incidió el Tribunal de Primera Instancia al desestimar la *Demanda* en cuanto a los siguientes 8 miembros de la Sucesión García Maldonado: (1) Angelica García Cruz; (2) Manuel Alejandro García Cruz; (3) Carlos Manuel García Cruz; (4) Maribella García Cruz; (5) Juan Ignacio García Cruz; (6) Peter Alexis García Cruz; (7) Abimelec García Cruz y (8) Jacobi García Soler.

-IV-

Por los fundamentos antes expuestos, se **REVOCA** la *Sentencia* apelada. Se le ordena a la Secretaría del Tribunal de Primera Instancia, Sala Superior de Humacao que expida los ocho (8) emplazamientos por edictos correspondiente. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones